JOHN A. ASHTON, APPELLANT, v. JASPER H. ALLEN
ET AL., APPELLEES.

Submitted June 19, 1903—Decided November 9, 1903.

A., falsely representing himself to be the agent of B. & Co., requested
   plaintiff to send goods to B. & Co.'s stable; A. thus obtained
   possession of the goods and sold and delivered them to the de-
   fendant.   *Held*, that A. had no title to the goods and that an
   action of trover would lie by the plaintiff against the defendant,
   although the latter was a purchaser in good faith.

On appeal from the District Court of Trenton.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellant, *Linton Satterlhwait.*

For the appellees, *John Sykes.*

The opinion of the court was delivered by

GARRETSON, J.   This is an appeal by the plaintiff from
a judgment entered in the District Court of Trenton in favor
of the defendant.

The following are the facts agreed upon by the parties
to this suit:

On or about August 14th, 1901, the plaintiff was possessed
of one hundred and fifty bushels of oats, valued at $69; that
some person to the plaintiff unknown, representing himself
as the agent of O. O. Bowman, or of O. O. Bowman & Son,
requested the plaintiff to deliver the oats at the stable of the
said Bowman, saying that the oats were wanted by the said
Bowman; that the said unknown person also obtained per-
mission from the said Bowman's servant to have the said oats
deposited upon his premises; that the said plaintiff there-
upon delivered said oats at the stable of the said Bowman,
depositing the same at the entrance of the stable or stable-

yard of the said Bowman, where the man delivering the same was requested to deposit said oats. The said oats were charged upon the books of the plaintiff to the said Bowman; that the said plaintiff did not give credit to said unknown person who represented himself as the agent of the said Bowman, but afterwards the said unknown person procured a conveyance and carted said oats, which were in bags of said plaintiff, marked with plaintiff's name, from the place where they had been so deposited by the driver of the said plaintiff and took them to the defendants' place of business, where the defendants, in the usual course of business, purchased the said oats from the said unknown person, who represented himself as the owner thereof and received pay for the same from the defendants, and the said defendants received possession and retained possession of the said oats.

The said defendants were *bona fide* purchasers of said oats for a valuable consideration, and without notice of any fraud or misdoing upon the part of the said unknown person or any other person in connection with said transaction.

It is clear from the foregoing statement of facts that it was never the intention of the plaintiff to part with his title in or possession of the oats or to deliver them to the unknown person. His intention was to transfer the title and possession to Bowman. It is not one of those cases in which the owner of goods, relying upon false representations which he believed to be true, parts with the title and possession of his goods, intending to transfer them to the maker of the false representations. In such cases the title to the goods actually passes out of the owner and he intends it shall so pass to the one making the false representations. In such case he may avoid his contract, but if, before that is done, this wrongdoer has parted with the title to an innocent purchaser, the original owner is without remedy against such innocent purchaser.

To this effect are the cases *Rowley* v. *Bigelow,* 12 *Pick.* 307, and *Hoffman* v. *Noble,* 6 *Metc.* 68.

But where the vendor has not parted with the title to the one making the false representations, the latter has no title to transfer—no contract of sale ever existed between them.

In 1 *Benj. Sales (Corbin's notes)*, § 648, the rule is stated to be: "Whenever goods are obtained from their owner by fraud, we must distinguish whether the facts show a *sale* to the party guilty of the fraud or a mere delivery of the goods into his possession induced by fraudulent devices on his part. In other words, we must ask whether the owner intended to transfer both the property in, and the possession of, the goods to the person guilty of the fraud, or to deliver nothing more than the bare possession. In the former case there is a contract of sale, however fraudulent the device, and the property passes; but not in the latter case. Section 649. "In the former case the contract is voidable at the election of the vendor, not void *ab initio*. It follows, therefore, that the vendor may affirm and enforce it or may rescind it. He may sue in *assumpsit* for the price and this affirms the contract, or he may sue in trover for the goods or their value and this disaffirms it. But in the meantime, and until he elects, if the vendee transfer the goods in whole or in part, whether the transfer be of a general or special property in them, to an innocent third person for a valuable consideration, the rights of the original vendor will be subordinate to those of such innocent third person. If, on the contrary, the intention of the vendor was not to pass the property, but merely to part with the possession of the goods, there is no sale, and he who obtains possession by fraud can convey no property in them to any third person, however innocent, for no property has passed to himself from the true owner." *Cundy* v. *Lindsay, L. R., 3 App. Cas.* 459; *Hardman* v. *Booth,* 1 *Hurlst. & C.* 803; *Higgins* v. *Barton,* 26 *L. J. Exch.* 342; *Dean* v. *Yates,* 23 *Ohio St.* 388; *Hamet* v. *Letcher,* 37 *Id.* 356; *Moody* v. *Blake,* 117 *Mass.* 23; *Barker* v. *Dinsmore,* 72 *Pa.* 427; *Decan* v. *Shipper,* 35 *Id.* 239.

The judgment below will be reversed and judgment entered for the plaintiff for $69 and costs.